UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BECHEL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-01250-SEP |
| | ) |
| CHARTER COMMUNICATIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Dismiss, Doc. [18]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND[1]

From 2004 to 2022, Terry Bechel worked for Charter Communications, LLC,[2] a telecommunications company. He started in 2004 as a maintenance technician and over the years was promoted to Maintenance Supervisor and Field Operations Manager. *See* Doc. [4] ¶¶ 10-11. Mr. Bechel consistently received positive performance reviews, pay raises, and bonuses. *Id*. ¶ 12. As recently as February 2022—about a month before his termination—Mr. Bechel "received an excellent performance review and nearly maxed out his raise eligibility." *Id*. ¶ 13.

Around the time he received that excellent review, Mr. Bechel was transferred to be the manager of a smaller, "underperforming" territory. *Id*. ¶ 14. Since Mr. Bechel's compensation was tied the territory's performance, he was concerned that the transfer might hurt his pay. *Id*. Soon after Mr. Bechel took over as manager of the new territory, he was reprimanded for his "handling [of] the coaching and corrective action of one of his employees" in his old territory. *Id*. ¶ 16. Mr. Bechel was confused by the reprimand because his actions were consistent with

---

[1] For purposes of this motion, the Court takes the factual allegations in the Complaint, Doc. [4], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

[2] Defendant notes that the caption of the case incorrectly identifies Charter Communications, Inc., as Defendant, whereas Plaintiff was employed by Charter Communications, LLC. Doc. [18] at 1 n.1. Because Plaintiff has not argued otherwise, the Court will order the Clerk to amend the caption of the case to identify Charter Communications, LLC, as the Defendant.

how he had handled similar situations in the past and how other managers handled employee performance issues. *Id*. ¶ 17.

On March 29, 2022, Mr. Bechel was terminated. *Id*. ¶ 18. While his supervisor told him the reason for his termination was the way he handled the employee discipline issue from the month before, Mr. Bechel alleges the reprimand and transfer were "a sham and pretext" for unlawful age discrimination. *Id*. ¶ 19. He was 52 years old when he was fired. *Id*. at 22.

Mr. Bechel sued Charter and his supervisor, Mr. Robert Burton, in state court for violations of the Missouri Human Rights Act (MHRA) and federal Age Discrimination Employment Act (ADEA). *See id*. ¶ 1. Defendants removed the case to this Court, Doc. [1], and Mr. Bechel dismissed the claims against Mr. Burton. *See* Doc. [13]. Charter then moved to dismiss the remaining claims. *See* Fed. R. Civ. P. 12(b)(6).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement . . . showing that the pleader is entitled to relief." To meet this standard and survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pled factual allegations "plausibly give rise to an entitlement to relief" is a "context-specific task" requiring the court to "draw on its judicial experience and common sense." *Id*. at 679. The factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012)). The well-pled facts must establish more than a "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing

*Twombly*, 550 U.S. at 555).  Although courts must accept all well-pled factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Mr. Bechel claims that Charter discriminated against him in violation of the MHRA and ADEA.  "Discrimination claims under the MHRA 'are considered under the same analysis as claims under the Age Discrimination in Employment Act.'" *McKey v. U.S. Bank Nat'l Ass'n*, 978 F.3d 594, 598 (8th Cir. 2020) (quoting *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 855 (8th Cir. 2003)).  To succeed on his claims, Plaintiff must show that he "(1) was at least 40 years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was rejected for someone sufficiently younger to permit the inference of age discrimination." *Aulick v. Skybridge Ams., Inc.*, 860 F.3d 613, 621 (8th Cir. 2017); *see also Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 800 (8th Cir. 2014) (requiring a plaintiff to show that "there is some additional evidence that age was a factor in the employer's termination decision").  "While Plaintiff need not establish a prima facie case of age discrimination at this stage, he must still offer enough factual allegations to raise a right to relief above a speculative level." *Stokes v. Complete Mobile Dentistry*, , at *4 (E.D. Mo. Mar. 13, 2023).  "The elements of a prima facie case are . . . relevant to a plausibility determination." *Id*. at *2 (citing *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

Assuming Mr. Bechel's well-pled allegations to be true and drawing every reasonable inference in his favor, he fails to state a claim for age discrimination.  Mr. Bechel asserts in conclusory fashion that his age was a factor in his transfer, reprimand, and termination, but he pleads no facts that would enable the Court to draw that inference.  The Complaint "offers nothing to tie his termination to his age." *Stokes*, 2023 WL 2474511, at *4.  Plaintiff does not allege, for example, that other employees over the age of 40 were also terminated or that he was he was replaced by a younger person. *See, e.g.*, *Herda v. Centene Corp.*, 2024 WL 68231, at *3 (E.D. Mo. Jan. 5, 2024) (denying motion to dismiss); *see also McGee v. Mo. Bootheel Reg'l Consortium, Inc.*, 2022 WL 1262509, at *3 (E.D. Mo. Apr. 28, 2022) (denying dismissal when plaintiff alleged that the "defendant hired a younger and less qualified male" and "all but one of defendant's employees were under 40").  Nor does he allege that other employees "taunt[ed] and

3

teas[ed] him about his age." *Van Oyen v. MSH Chevrolet Cadillac, Inc.*, 2020 WL 2064009, at *1 (E.D. Mo. Apr. 29, 2020).  Mr. Bechel's allegations are conclusory and do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007).

Accordingly,

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss, Doc. [18], is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims against Defendant Charter Communications Inc. are dismissed without prejudice.  Plaintiff may file a motion for leave to file an amended complaint by **July 12, 2024**.

**IT IS FINALLY ORDERED** that the Clerk of Court amend the caption of the case to identify Charter Communications, LLC, as the Defendant.

Dated this 12th day of June, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE